MICHELE BECKWITH
Acting United States Attorney
ROBERT L. VENEMAN-HUGHES
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099
Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SILVERIO ONTIVEROS,<br><br>Defendant. | CASE NO. 1:24-CR-00089-JAM-BAM<br><br>STIPULATION AND ORDER TO CONTINUE STATUS CONFERENCE |

IT IS HEREBY STIPULATED by and between Michele Beckwith, Acting United States Attorney and Robert L. Veneman-Hughes, Assistant U.S. Attorney and David Balakian, attorney for defendant SILVERIO ONTIVEROS, that the status conference set for March 26, 2025 at 1:00 pm before the Honorable Barbara A. McAuliffe be continued to May 28, 2025 at 1:00 p.m.

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. The parties need additional time to further investigate/explore matters related to resolving the case or setting a trial date.

2. After the last status hearing, defendant filed and then withdrew a motion to suppress.

3. The government extended a plea offer, which the defendant rejected.

4. Defense counsel represents that they are consulting with potential associate or co-counsel about refiling a motion to suppress evidence.

5. Defense counsel believes it will take approximately 60 days for potential associate or co-

Stipulation                                              1

counsel to come up to speed on the discovery and the state of the case, and for defendant to refile his suppression motion if warranted.

6. Defense counsel represents that they believe this motion to suppress will be dispositive, and that setting a trial date prior to the motion to suppress being refiled and heard would not be an efficient use of the court's resources.

7. Negotiations having failed, the government represents that it intended to seek the setting of a trial date at the March 26, 2025 status conference and commence trial preparation shortly thereafter. However, given defense counsel's representations about refiling the motion to suppress, the government does not object to a limited continuance for that purpose.

8. The government represents that it intends to seek the setting of a trial date at the next status conference, whether or not a motion to suppress has been filed. The government intends to begin trial preparation forthwith after a trial date is set.

9. By this stipulation, defendant now moves to continue the status conference, and to exclude time from March 26, 2025 to May 28, 2025.

10. The parties agree and stipulate, and request that the Court find the following:

    a) The government has represented that the discovery associated with this case includes investigative reports, and related documents, photographs, etc., in electronic form. Initial discovery has been either produced directly to counsel and/or made available for inspection and copying.

    b) Defense counsel requires additional time to review discovery and investigate.

    c) The government does not object to the continuance.

    d) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

    e) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period from March 26, 2025 to May 28, 2025, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A) and 18 U.S.C. § 3161(h)(7)(B)(iv) because it results from a continuance granted by the Court at defendant's

request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

11. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

Dated: March 17, 2025

Respectfully submitted,

MICHELE BECKWITH
Acting United States Attorney

By  /s/ Robert L. Veneman-Hughes
ROBERT L. VENEMAN-HUGHES
Assistant United States Attorney

Dated: March 17, 2025

/s/ David Balakian
DAVID BALAKIAN
Attorney for SILVERIO ONTIVEROS

## ORDER

IT IS SO ORDERED that the status conference is continued from March 26, 2025, to **May 28, 2025, at 1:00 p.m. in Courtroom 8 before Magistrate Judge Barbara A. McAuliffe**. Time is excluded pursuant to 18 U.S.C.§ 3161(h)(7)(A) and 18 U.S.C. § 3161(h)(7)(B)(iv). At the next status conference, the parties should be prepared to select a motion briefing schedule for any anticipated motion to suppress and shall also be prepared to pick a trial date.

IT IS SO ORDERED.

Dated:  **March 18, 2025**     /s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE

Stipulation     3