ERIC GRANT
United States Attorney
ROBERT L. VENEMAN-HUGHES
Assistant United States Attorneys
2500 Tulare Street, Suite 4401
Fresno, Ca 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No: 1:24-CR-00089-JAM-EPG |
|---|---|
| Plaintiff, | STIPULATION BETWEEN THE UNITED STATES AND DEFENDANT REGARDING PRODUCTION OF SPECIFIED DISCOVERY; PROTECTIVE ORDER RE: SAME |
| v. | |
| SILVERIO ONTIVEROS | |
| Defendants. | |

WHEREAS, this Court may enter protective orders pursuant to Fed. R. Crim. P. 16(d) and its general supervisory authority.

WHEREAS, the evidence in this case identified as "Protected Discovery" (which includes criminal history records pertaining to a witness) contains private personal identifying information regarding a third party;

WHEREAS, the parties desire to avoid (1) the unauthorized dissemination or distribution to anyone not a party to the court proceedings in this matter, and (2) the risk of harm (financial and/or

1

physical) to the individuals identified in those materials, including by dissemination of the Protected Discovery by defendants;

The parties agree that entry of a stipulated protective order is appropriate.

THEREFORE, the below-listed defendant(s), by and through their undersigned counsel of record ("Defense Counsel"), and the United States of America, by and through Assistant United States Attorney Robert L. Veneman-Hughes, hereby agree and stipulate as follows:

1. This Court may enter a protective order pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure, and its general supervisory authority.

2. This Order pertains to specified Protected Discovery specifically described above and provided to or made available to Defense Counsel in this case, which shall be marked as Protected Discovery. Any discovery marked as Protected Discovery that is not consistent with the above description of Protected Discovery shall not be considered Protected Discovery and subject to this order regardless of whether it is marked as such.

3. The Protected Discovery is for the exclusive use of defense counsel who are either assigned to or consulting on this case, any investigators, interpreters, experts, paralegals, legal assistants, or law clerks assisting counsel in this case ("the Defense"). The parties agree that the Defense may not review the Protected Discovery with the defendant and **may NOT provide a copy of the discovery to or leave a copy of the discovery with the defendant or other necessary third party. The defendant or other necessary third party may NOT retain copies of the discovery in any form, including but not limited to notes or photographs concerning the contents of the discovery.**

4. That if, in the course of preparing the defense counsel in this case, any member of the Defense seeks to leave a copy of any discovery item marked Protected Discovery with any person outside of the Defense (such as to a necessary third-party or the defendant), counsel of record must meet and confer with the government before doing so, in an attempt to reach an agreement on the scope of the disclosure as well as any necessary redactions. If no agreement can be reached, defense counsel shall obtain written authorization from the Court, after providing the government with an opportunity to be heard and oppose. Any authorization given by the court shall require that any such person to whom the

discovery is disclosed agrees to be bound by the terms of the Protective Order. That is, that the third party and/or the defendant who is permitted under separate court order to retain notes, copies, or photographs of the Protected Discovery shall be barred from sharing copies of those items of Protected Discovery with anyone other than the Defense.

5. The Protected Discovery and information therein may be used only in connection with the litigation of this case and for no other purpose. The Protected Discovery is now and will forever remain the property of the United States of America ("Government"). Defense Counsel will return the Protected Discovery to the Government or alternatively keep it archived within its sole possession at the conclusion of the case.

6. Defense Counsel will store the Protected Discovery in a secure place and will use reasonable care to ensure that it is not disclosed to third persons (or even the defendant) in violation of this agreement.

7. Defense Counsel shall be responsible for advising the Defendant, employees, and other members of the defense team, and defense witnesses of the contents of this Stipulation and Order.

8. In the event that Defendant substitutes counsel, undersigned Defense Counsel agrees to return the Protected Discovery to the government, or, at the request of government counsel, to forward it to new counsel after new counsel has confirmed to government counsel in writing his or her agreement to the terms of this Order.

9. Should Defense Counsel seek to include or rely on Protected Discovery in a motion or other hearing, such reference or reliance should be filed under seal.

10. Nothing in this Order shall preclude a party from seeking a more restrictive protective order or other court order with regard to particular discovery items.

//

//

3

IT IS SO STIPULATED.


Dated: January 23, 2026                    By:      /s/ Eric Kersten
                                                    ERIC KERSTEN
                                                    Attorney for Defendant
                                                    Silverio ONTIVEROS


Dated: January 23, 2026                             ERIC GRANT
                                                    United States Attorney


                                           By:      /s/ Robert L. Veneman-Hughes
                                                    ROBERT L. VENEMAN-HUGHES
                                                    Assistant U.S. Attorney

4

**ORDER**

IT IS SO ORDERED, that:

1.      This Court may enter a protective order pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure, and its general supervisory authority.

2.      This Order pertains to specified Protected Discovery specifically described above and provided to or made available to Defense Counsel in this case, which shall be marked as Protected Discovery.  Any discovery marked as Protected Discovery that is not consistent with the above description of Protected Discovery shall not be considered Protected Discovery and subject to this order regardless of whether it is marked as such.

3.      The Protected Discovery is for the exclusive use of defense counsel who are either assigned to or consulting on this case, any investigators, interpreters, experts, paralegals, legal assistants, or law clerks assisting counsel in this case ("the Defense").  The parties agree that the Defense may not review the Protected Discovery with the defendant and **may NOT provide a copy of the discovery to or leave a copy of the discovery with the defendant or other necessary third party. The defendant or other necessary third party may NOT retain copies of the discovery in any form, including but not limited to notes or photographs concerning the contents of the discovery.**

4.      That if, in the course of preparing the defense counsel in this case, any member of the Defense seeks to leave a copy of any discovery item marked Protected Discovery with any person outside of the Defense (such as to a necessary third-party or the defendant), counsel of record must meet and confer with the government before doing so, in an attempt to reach an agreement on the scope of the disclosure as well as any necessary redactions.  If no agreement can be reached, defense counsel shall obtain written authorization from the Court, after providing the government with an opportunity to be heard and oppose.  Any authorization given by the court shall require that any such person to whom the discovery is disclosed agrees to be bound by the terms of the Protective Order.  That is, that the third party and/or the defendant who is permitted under separate court order to retain notes, copies, or photographs

of the Protected Discovery shall be barred from sharing copies of those items of Protected Discovery with anyone other than the Defense.

5.      The Protected Discovery and information therein may be used only in connection with the litigation of this case and for no other purpose.  The Protected Discovery is now and will forever remain the property of the United States of America ("Government").  Defense Counsel will return the Protected Discovery to the Government or alternatively keep it archived within its sole possession at the conclusion of the case.

6.      Defense Counsel will store the Protected Discovery in a secure place and will use reasonable care to ensure that it is not disclosed to third persons (or even the defendant) in violation of this agreement.

7.      Defense Counsel shall be responsible for advising the Defendant, employees, and other members of the defense team, and defense witnesses of the contents of this Stipulation and Order.

8.      In the event that Defendant substitutes counsel, undersigned Defense Counsel agrees to return the Protected Discovery to the government, or, at the request of government counsel, to forward it to new counsel after new counsel has confirmed to government counsel in writing his or her agreement to the terms of this Order.

9.      Should Defense Counsel seek to include or rely on Protected Discovery in a motion or other hearing, such reference or reliance should be filed under seal.

10.     Nothing in this Order shall preclude a party from seeking a more restrictive protective order or other court order with regard to particular discovery items.

IT IS SO ORDERED.

Dated:    **January 26, 2026**

    STANLEY A. BOONE
United States Magistrate Judge

6